IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MOISES MERAZ-CAMACHO,                                   OPINION AND
                                                                                            ORDER
                       Petitioner,
                                                                                    09-cv-13-slc[1]
            v.

U.S. ATTORNEY GENERAL,
FEDERAL BUREAU OF PRISONS,
MR. MARTINEZ, Warden, and
MR. REED, Medical Assistance,

                       Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Petitioner Moises Meraz-Camacho is a federal prisoner.  In 2006, he was confined at

the Federal Correctional Institution in Oxford, Wisconsin.  Subsequently, he was transferred

───────────────

        [1]        While this court has a judicial vacancy, it is assigning 50% of its caseload
automatically to Magistrate Judge Stephen Crocker.  It is this court's expectation that the
parties in a case assigned to the magistrate judge will give deliberate thought to providing
consent for the magistrate judge to preside over all aspects of their case, so as to insure
that all cases filed in the district receive the attention they deserve in a timely manner.
At this early date, consents to the magistrate judge's jurisdiction have not yet been filed
by all the parties to this action.  Therefore, for the purpose of issuing this order and the
order that will be required to be entered following petitioner's compliance with the
directives in this order, I am assuming jurisdiction over the case.

1

to the Federal Correctional Institution-Allenwood in White Deer, Pennsylvania, where he is presently confined.  On November 19, 2008, petitioner filed in the District Court for the Middle District of Pennsylvania a complaint alleging that while he was housed at the Oxford prison, respondent Reed failed to recognize that petitioner was having a stroke and, on a separate occasion, gave him "the wrong medication (Prozac)" when "the right medication (Xanax )" was unavailable.  In addition, he alleges that at some unspecified time, he felt weak while he was taking a shower and that an unidentified officer failed to act timely to get him a wheelchair or call an ambulance.

In an order dated January 5, 2009, the Pennsylvania court issued an order characterizing petitioner's claims as arising under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. The court noted also that because the claims arose in the Western District of Wisconsin and appeared to concern respondents residing there, venue was proper in this district and not in Pennsylvania.  Therefore, the court transferred the case on its own motion, indicating expressly in its order that it was not "passing any judgment on the merits of the claims raised by Meraz-Camacho." Jan. 5, 2009 slip op., fn. 1.  In particular, the court stated that "any decision with respect to plaintiff's . . . motions to proceed in forma pauperis will be deferred to the transferee court."  Id. at 2.

The question whether petitioner may proceed in forma pauperis is presently before

2

this court.  Because petitioner Meraz-Camacho is a prisoner, his lawsuit is subject to the 1996 Prison Litigation Reform Act.  This means that he cannot proceed in forma pauperis if I conclude that:

1) he has three strikes against him under 28 U.S.C. § 1915(g); or

2) he does not qualify financially for pauper status under 28 U.S.C. § 1915(b); or

3) his complaint is legally frivolous or malicious, fails to state a claim upon which relief may be granted or asks for money damages from a respondent who by law cannot be sued for money damages.  28 U.S.C. § 1915(e)(2).

Petitioner does not have three strikes against him.  Moreover, in an order dated January 15, 2009, Magistrate Judge Stephen Crocker found that petitioner qualified financially for pauper status.[2]

With respect to the claims raised in petitioner's complaint, I conclude that petitioner states a claim under the Federal Tort Claims Act that Dr. Reed was negligent when he failed

---

[2]  In his order, Magistrate Judge Crocker directed petitioner to make his initial partial payment payable to the clerk of court for this district, which petitioner did. However, because petitioner filed his case in the Middle District of Pennsylvania, and because that court has already directed petitioner's prison to remit the filing fee to that court, I am requesting the clerk of this court to arrange to have petitioner's initial payment sent to the Pennsylvania court and to close out petitioner's financial record for this case in this court.  The clerk of court is also requested to communicate with the financial office at FCI-Allenwood to clarify that petitioner's installment payments are to be sent to the Pennsylvania court.

to diagnose petitioner's stroke and prescribed petitioner Prozac as a substitute for Xanax. It is unclear whether petitioner states a claim under the act with respect to his allegation that an unknown officer failed to respond promptly to his request for a wheelchair or an ambulance, because petitioner has not alleged what injury, if any, he suffered as a result of the officer's inaction.  Therefore, I will stay a decision whether petitioner may proceed on the latter claim to allow him to supplement his complaint with allegations of his injury.  In addition, I am staying a decision whether petitioner may proceed on two of his Tort Claims Act claims because he has not suggested that he exhausted his administrative remedies with respect to them.

As an initial matter, I respectfully disagree with the Pennsylvania court's characterization of petitioner's complaint as including claims under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).  No such claims can be inferred from the allegations of the complaint, which sound entirely in negligence.  Petitioner does not mention Bivens or suggest that any of his rights under the United States Constitution have been violated.  He states expressly that he is seeking monetary compensation "for the permanent injury suffered due to the negligence of Dr. Reed" and for "the injury sustained due to medical staff and BOP employees' negligence."  He says also with respect to the unknown officer who failed to call an ambulance or get him a wheelchair that "this officer was negligent."  It is settled law that "mere allegations of medical malpractice," Estelle v.

4

Gamble, 429 U.S. 97, 106 n. 14 (1976), or claims of "inadvertent error, negligence, malpractice or even gross negligence in providing treatment" are insufficient to state a claim of constitutional wrongdoing under the Eighth Amendment.  Edwards v. Snyder, 478 F.3d 827, 831 (7th Cir. 2007); Washington v. LaPorte County Sheriff's Dept., 306 F.3d 515 (7th Cir. 2002). Therefore, I will not construe petitioner's complaint to include Bivens claims. If I were to do so, petitioner would be penalized unnecessarily.  I would have to dismiss the claims immediately for petitioner's failure to state a claim upon which relief may be granted and record a strike against petitioner under § 1915(g). This would be an especially harsh result where, as here, it does not appear that petitioner intended to raise such claims.

From petitioner's complaint (which includes a document titled "Supplement to Federal Tort Claim") and the exhibits showing petitioner's efforts to exhaust his administrative remedies, I understand petitioner to be alleging the following facts.

ALLEGATIONS OF FACT

Petitioner Moises Meraz-Camacho is a prisoner confined at the Federal Correctional Institution-Allenwood in White Deer, Pennsylvania.  Respondents United States Attorney General and Federal Bureau of Prisons have custody over petitioner as a result of petitioner's judgment of conviction and sentence of imprisonment.  Respondent Martinez was the warden of the Federal Correctional Institution in Oxford, Wisconsin while petitioner was

5

confined there.  Respondent Reed is an employee of the Federal Bureau of Prisons and the

doctor under whose care petitioner was placed while he was confined at Oxford.

On September 28, 2006, petitioner woke up with weakness on his left side.  He

believed he was having a stroke.  He went to his counselor's office and his counselor agreed

that he might be having a stroke and instructed him to report to "medical" immediately.  At

about 7:30 a.m., petitioner reported to respondent Reed's office, where he waited until

10:30 a.m. to see him.  When Reed examined petitioner, he performed a "regular check-up"

and decided that "everything was normal."  He told petitioner to report to work.  Petitioner

went to work but discovered that he could not change his shoes.  Minutes later, his condition

worsened and a Mr. Hunt took petitioner to the prison clinic.  There, the physician's

assistant on duty asked petitioner questions, at which point petitioner "fell out."  Eventually,

it was determined that petitioner had suffered a major stroke.  If respondent Reed and "other

BOP employees" had provided petitioner treatment for a stroke right away, petitioner might

have avoided a major stroke.

On some unspecified date, petitioner "started to experience some problems."  He

thought his blood sugar levels might be dropping because he is diabetic.  He took medication

that respondent Reed had given him, but the symptoms did not go away.  Instead, he began

to feel worse, but was told by the officer on duty that there was nothing that could be done

because it was after 9:00 p.m.  After "pushing" for medical attention to no avail, petitioner

6

went back to his room in extreme pain.  The following day, petitioner went to "medical" and the nurse on duty checked petitioner's blood and found petitioner's numbers to be normal.  She suggested that petitioner's symptoms may have been caused by stress and told petitioner to leave because nothing was wrong with him.

Later in the day, petitioner felt chest pain and numbness on his left side and started to experience a cold sweat.  He went back to "medical" and once again was told he was "stressing."  When the nurse complied with his request to take his blood pressure, it was "146 over 196."  The nurse told petitioner that he was probably experiencing an anxiety attack and sent him to respondent Reed.

When petitioner saw Reed, he told Reed that he had been prescribed Xanax for anxiety before he arrived at the prison.  Reed told petitioner that the prison did not have that medication and instead, prescribed Prozac for petitioner's anxiety problems.  After petitioner took the Prozac, his "problem became worse and [his] legs started to lock up" each time he took the medication.  Petitioner believes the Prozac caused him to have a heart attack.

Another time after taking Prozac, petitioner felt weak while taking a shower.  He fell to a bench and could not get up.  Petitioner summoned an officer and asked for a wheelchair so that he could return to his room, but the officer left "to do the 10 minute move and never came back."  Later, an inmate assisted petitioner to his room.  When the officer came to

7

check on petitioner.  petitioner asked the officer to call him an ambulance because he could not move, but the officer did not do so.  Petitioner believes this officer was "negligent."

On January 20, 2008, petitioner filed a "Standard Form 95" "Claim for Damage, Injury or Death" with the Regional Office of the Federal Bureau of Prisons in Kansas City, Kansas, complaining about Dr. Reed's failure to diagnose his stroke on September 28, 2006. On August 28, 2008, petitioner received a letter from the Office of Regional Counsel for the North Central Regional Office of the federal Bureau of Prisons, notifying him of the final denial of his claim and advising him of his right to file suit on the claim in federal district court.

OPINION

The Federal Tort Claims Act provides a remedy for any individual seeking recovery for damages caused by the negligent or wrongful act of an employee of the federal government.  28 U.S.C. §§ 2671-2680.  The coverage of the act extends to federal prisoners, who may sue for injuries caused by the negligence of prison employees.  United States v. Muniz, 374 U.S. 150 (1963).  However, the only proper defendant in an action under the act is the United States.  28 U.s.C. § 2679(b)(1); Jackson v. Kotter, 541 F.3d 688 (7th Cir. 2008).  Therefore, I am dismissing as improper the respondents petitioner has named in the caption of his complaint and substituting in their place the United States.

8

Petitioner alleges that Dr. Reed was negligent for failing to recognize that he was having a stroke and, on a separate occasion, for giving him Prozac as a substitute for Xanax. He alleges as well that an unidentified officer was negligent in failing to promptly get him a wheelchair or call for an ambulance.

Petitioner's allegations concerning Dr. Reed's actions are sufficient to state a claim for relief under the Federal Tort Claims Act. He adequately describes what Reed did and how he was injured by Reed's actions. His claim against the unidentified officer is not sufficient. Petitioner describes what the officer did, but he does not allege any injury he suffered as a result of the officer's failure to get him a wheelchair or call an ambulance. If petitioner suffered no injury, he cannot sue the United States to recover for the officer's alleged negligence. Therefore, I will stay a decision whether petitioner may proceed on his tort claim against the unidentified officer and require petitioner to supplement his complaint to allege what injury he suffered as a result of the officer's failure to get him a wheelchair or ambulance.

In addition to supplementing his allegations to describe the injury he suffered as a result of the unidentified officer's actions, petitioner will have to supplement his complaint to provide proof that he exhausted his administrative remedies with respect to his claim against the officer and his claim that Dr. Reed gave him the wrong medication. Before an individual may sue to recover damages under the Federal Tort Claims Act, he must exhaust

9

his administrative remedies.  28 U.S.C § 2675(a).  Those remedies are exhausted by filing

a claim for damages with the relevant federal agency within two years after the claim accrues.

28 U.S.C. § 2401(b).  If the relevant federal agency does not "make final disposition of a

claim within six months after it is filed" the claimant may deem such failure to act a "final

disposition" for purposes of the Act, at which point suit may be brought in federal court.

Id.

    "The usual practice under the Federal Rules is to regard exhaustion as an affirmative

defense" that may be waived.  Jones v. Bock, 127 S. Ct. 910, 919 (2007).  However, in

McNeil v. United States, 508 U.S. 106, 113 (1993) the Supreme Court upheld a decision

of the Court of Appeals for the Seventh Circuit affirming the district court's decision to

dismiss a tort claim action for lack of jurisdiction because the plaintiff had failed to satisfy

§ 2675(a)'s exhaustion requirement.  The court of appeals repeated its holding that the act's

exhaustion requirement is a jurisdictional prerequisite to a suit in Sullivan v. United States,

21 F.3d 198, 206 (7th Cir. 1994) (citing Deloria v. Veterans Admin., 927 F.2d 1009, 1011

(7th Cir.1991)).  Because those decisions have not been overturned by Jones, I am bound

by them.

    Petitioner has submitted a copy of a letter from a Regional Counsel of the Federal

Bureau of Prisons dated August 28, 2008 and a copy of a Department of Justice Form 95

titled "Claim for Damage, Injury, or Death" that petitioner filed with the Regional Office

10

for the North Central Regional Office of the Bureau of Prisons.  From these documents, it appears that petitioner has exhausted his administrative remedies with respect to his claim that Dr. Reed negligently failed to diagnose the stroke he suffered on September 28, 2006. Therefore, petitioner may proceed on that claim.

However, before I can permit petitioner to proceed on his claims that Dr. Reed was negligent in prescribing him one medication in place of another and that an unknown officer failed to call an ambulance or get him a wheelchair when he felt weak, petitioner will have to submit proof that he exhausted his administrative remedies with respect to those claims.

ORDER

IT IS ORDERED that

1.  Petitioner is GRANTED leave to proceed in forma pauperis on his claim under the Federal Tort Claims Act that Dr. Reed failed to diagnose the onset of petitioner's stroke on September 28, 2006.

2.  Respondents U.S. Attorney General, Federal Bureau of Prisons, Mr. Martinez and Mr. Reed are DISMISSED from the action and the United States is substituted as a respondent in their place.

3.  A decision is STAYED whether petitioner may proceed on his tort claims that Dr. Reed gave him the wrong medication and that an unidentified officer failed to get him a wheelchair or ambulance.  Petitioner may have until February 26, 2009, in which to

11

supplement his complaint with proof that he exhausted his administrative remedies with respect to both of these claims.  If, by February 26, 2009, petitioner fails to supply the required proof of exhaustion, I will dismiss these claims for lack of jurisdiction.

4.  If petitioner has proof that he exhausted his administrative remedies with respect to his claim against the unidentified officer, he may have until February 26, 2009, in which to file an additional supplement to his complaint describing what injury he suffered as a result of the officer's failure to get him a wheelchair or ambulance.  If, by February 26, 2009, petitioner fails to allege an injury with respect to the unidentified officer's failure to attend to his needs, I will dismiss this claim as legally meritless.

5.  Service of the complaint on the United States will be delayed until I have determined fully on which claims petitioner may proceed.

Entered this 13th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

12