IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MOISES MERAZ-CAMACHO,

                                  OPINION AND ORDER

        Petitioner,

                                  09-cv-13-slc

    v.

UNITED STATES OF AMERICA,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Moises Meraz-Camacho is a prisoner confined at the Federal Correctional Institution-Allenwood in White Deer, Pennsylvania. He brought this civil action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, seeking recovery for damages caused by negligent acts of employees of the federal government at the Federal Correctional Institution in Oxford, Wisconsin. I have discussed the procedural history of this case in a previous order, dkt. #4. In my initial screening of petitioner's complaint, I determined that petitioner was attempting to state the following three claims: (1) Dr. Reed failed to diagnose the onset of petitioner's stroke on September 28, 2006; (2) Dr. Reed provided petitioner the wrong medication; and (3) an unidentified officer failed to provide petitioner a wheelchair or ambulance. In that same order, I granted petitioner leave to proceed in forma pauperis on

1

his first claim, but I did not decide whether petitioner could proceed on claims 2 or 3. Dkt. #4 at 11-12. I granted petitioner an opportunity to supplement his complaint with proof that he had exhausted his administrative remedies with respect to claims 2 and 3 and, if he proved he had done so to add allegations describing what injury he suffered from not being provided a wheelchair or ambulance. Id. Petitioner filed his supplement on March 23, 2009. Dkt. #7. I conclude that petitioner's supplementation of his original complaint fails to correct the exhaustion problems he was told to fix and that claims 2 and 3 must be dismissed.

In the first screening of petitioner's complaint, I instructed petitioner to "supplement his complaint to provide *proof* that he exhausted his administrative remedies with respect to his claim against the officer and his claim that Dr. Reed gave him the wrong medication." Dkt. #4 at 9 (emphasis added). Petitioner was given two weeks in which to file his supplement. Id. at 11-12. Before the deadline to file his supplement, petitioner filed a motion for enlargement of time with respect to his supplement. Dkt. #5. In his motion, petitioner explained that he needed more time to locate the documents he would submit as proof of administrative exhaustion. Dkt. #5 at ¶¶ 8-9. That motion was granted in part, giving petitioner two more weeks to file his supplement. Dkt. #6.

Petitioner's supplement to the complaint was received on March 23, 2009, but there were no supporting documents attached. Instead, petitioner contends that (1) the August

2

28, 2008 letter from the Regional Counsel of the Federal Bureau of Prisons; (2) the Department of Justice Form 95 titled "Claim for Damage, Injury, or Death"; and (3) the "Supplement to Federal Tort Claim" document, all three of which were attached to his original complaint, provide proof of exhaustion. Specifically, petitioner points to the typed three-page document entitled "Supplement to Federal Tort Claim" as proof that he had raised all three claims with the Bureau of Prisons. Dkt. #1 at 11-13. Petitioner contends that his claims that Reed provided petitioner the wrong medication and that an officer failed to provide petitioner a wheelchair or ambulance were part of the claims that were denied by the Bureau of Prisons' August 28 letter because he mailed the allegations of those additional claims to the Regional Director of the North Central Region of the Federal Bureau of Prisons as a supplementation of his Form 95 tort claim. However, the documents submitted by petitioner fail to prove his contention.

Claims filed under the Federal Tort Claims Act follow a specific procedure. The prisoner must file a claim with the regional office in the region in which the claim arose. 28 C.F.R. § 543.31(c). Upon filing a claim, the prisoner will receive an acknowledgment letter indicating the filing date and a claim number. 28 C.F.R. § 543.32(a). Next, the claim is referred to the appropriate institution or office for investigation and the prisoner may be required to provide additional information during the investigation. 28 C.F.R. § 543.32(c). The Regional Counsel or his designee "reviews the investigation and the supporting evidence

3

and renders a decision of all claims properly filed in the regional office . . . ." 28 C.F.R. § 543.32(d). If the claim is denied, a prisoner may request in writing that the Bureau of Prisons reconsider the claim. 28 C.F.R. § 543.32(g). If the prisoner is dissatisfied with the final disposition of his claim, he can file suit in federal district court. Id.

     Petitioner failed to submit the acknowledgment letter that would indicate when his claim was filed and his claim number. Such a document would be relevant to what claim or claims the Bureau of Prisons was acknowledging as properly filed. It appears from the "Supplement to Federal Tort Claim" document he submitted that it was created after he filed his original claim. Atop the document is his claim number, TRT-NCR-2008-02140, which petitioner would not have received until he had received an acknowledgment of his original claim. Moreover, the fact that petitioner's "Supplement to Federal Tort Claim" document is neither signed or dated raises concerns about whether the documents were ever actually filed with the regional office. Regardless whether the documents were in fact filed, petitioner has failed to provide any documentation to prove that the regional office accepted his supplemental claims as part of the initial claim petitioner filed on January 20, 2008.

     Moreover, petitioner provides no information about the regional office's investigation of his claim, such as whether he provided any supporting evidence to the regional office as it investigated his claim. Petitioner's claims that he received the wrong medicine and was not provided a wheelchair or ambulance when he needed them are separate from any claim

4

that his stroke symptoms where not properly diagnosed. An investigation into the improper diagnoses would not necessarily lead to an investigation of his other claims. Thus, petitioner's failure to prove that his additional claims were investigated evidences a failure to exhaust.

The Federal Tort Claims Act is a limited waiver of sovereign immunity by the United States. The waiver is conditioned on satisfying certain requirements, including exhaustion of administrative remedies. Warrum v. United States, 427 F.3d 1048, 1050 (7th Cir. 2005). The purpose behind the exhaustion requirement is to allow "the relevant government agency the opportunity to investigate and settle meritorious claims lodged against it," id. at 1051, which reduces unnecessary litigation. Deloria v. Veterans Administration, 927 F.2d 1009, 1011 (7th Cir. 1991). Petitioner has failed to prove that he provided the Bureau of Prisons an opportunity to investigate his claims of being prescribed the wrong medication and the failure to provide him a wheelchair or ambulance. Petitioner was provided ample time to locate the necessary documents or explain the absence of such documents. Accordingly, his claims that Dr. Reed provided him the wrong medication and that an unidentified officer failed to provide him a wheelchair or ambulance will be dismissed for lack of jurisdiction because of petitioner's failure to prove that he exhausted his administrative remedies regarding those claims.

ORDER

IT IS ORDERED that:

1. Petitioner Moises Meraz-Camacho is DENIED leave to proceed in forma pauperis on his tort claims that Dr. Reed gave him the wrong medication and that an unidentified officer failed to get him a wheelchair or ambulance because petitioner did not exhaust his administrative remedies;

2. Because petitioner was granted leave to proceed in forma pauperis on his claim under the Federal Tort Claims Act that Dr. Reed failed to diagnose the onset of his stroke on September 28, 2006, in the initial screening of petitioner's complaint, dkt. #4, respondent United States of America will be served with that screening order along with a copy of petitioner's complaint, dkt. #1, and this order. The court will effectuate service on the United States Attorney General and the United States Attorney for the Western District of Wisconsin;

3. For the remainder of this lawsuit, petitioner must send the United States Attorney for the Western District of Wisconsin a copy of every paper or document that he files with the court. Once petitioner has learned what lawyer in the United States Attorney's office will be representing respondent, he should serve the lawyer directly rather than the United States Attorney. The court will disregard any documents submitted by petitioner unless petitioner shows on the court's copy that he has sent a copy to the United States Attorney or to the

6

lawyer assigned to represent respondent United States.

Entered this 24th day of April, 2009.

        BY THE COURT:

        /s/

        _____
        BARBARA B. CRABB
        District Judge