IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MOSES MERAZ-CAMACHO,

                              OPINION AND ORDER

                Plaintiff,

                              09-cv-13-vis[1]

       v.

UNITED STATES OF AMERICA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a civil action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680.  Plaintiff Moses Meraz-Camacho alleges that Dr. James Reed was negligent when he failed to send him to an outside hospital for evaluation until his second visit on September 28, 2006.  He contends that, because of Reed's negligence, defendant United States of America breached its duty of care owed to him and that the breach caused him injury.

Defendant has moved for summary judgment, arguing that plaintiff cannot prove his case without expert testimony establishing Reed's negligence and that there is uncontroverted evidence that Reed's care was not negligent.  I conclude that plaintiff has

---

[1] Because no Article III judge has been assigned as of yet, I am assuming jurisdiction over this case for the purpose of issuing this order.

1

failed to raise any genuine issues of material fact and defendant's motion will be granted. Because no ordinary person could conclude from common experience that Reed's initial assessment of plaintiff was not within the standard of practice at the time treatment was provided, plaintiff had to adduce expert testimony to this effect to withstand summary judgment. His failure to do so means that the motion must be granted.

Before addressing the merits of defendant's motion, I turn to two procedural issues. First, plaintiff has filed a motion for leave to file a brief in sur-reply, dkt. #27 and a motion for appointment of counsel, dkt. #29. Because defendant's motion for summary judgment will be granted, plaintiff's motion for appointment of counsel will be denied as moot. As to plaintiff's sur-reply brief, he devotes much of it to arguing why he should be excused from his failure to follow this court's summary judgment procedures. He does not seem to realize that the court requires compliance not for its own sake but to help parties submit the information necessary to prove their case in a form that the court can consider. If a party simply argues that the facts are not what the other side says they are, as plaintiff has done in his sur-reply in which he asserts that his medical records are incomplete or altered, the court cannot rely on the assertion in deciding the motion. On the other hand, if, in compliance with the court's order, the party submits evidence to support his assertion, the court may take the evidence into consideration. Plaintiff has not produced any evidence to show that his own medical records are incorrect in any respect. Therefore, I cannot consider

2

his assertion that someone must have altered them or left things out of them.  Although I will deny plaintiff's motion to file a sur-reply brief, I note that even if I were to permit its filing, nothing in the brief would change the outcome of defendant's motion for summary judgment.

Because plaintiff is proceeding pro se, the court has taken steps to help him understand how to follow this court's procedures.  He has been sent the explanations of this court's procedures in the Preliminary Pretrial Conference Order as well as in the Memorandum to Pro Se Litigants Regarding Summary Judgment Motions attached to that order.  Dkt. #13.  The information provided in that order and its attachments is intended to insure that pro se parties receive a "fair shake" in litigating their cases before this court. E.g., Dale v. Poston, 548 F.3d 563, 568 (7th Cir. 2008) (district court's decision to ignore pro se plaintiff's filed documents because they were argumentative and lacked detail raised question whether plaintiff had been given a "fair shake").  However, regardless whether a party is proceeding pro se, procedural rules cannot be ignored.  Id.

Plaintiff made an effort to follow this court's procedures in responding to defendant's proposed findings of fact.  He listed his disputes of proposed fact and, in most instances, cited documents in the record to support his disputes.  (I note that merely saying that a fact is disputed and citing a document in the record does not necessarily make the fact disputed. The dispute must be supported by admissible evidence in the record.  Thus, whether the

3

documents plaintiff cites actually provide support to dispute a proposed fact is another matter.) However, he proposed only three additional facts of his own, despite the warning in the court's procedures that "[t]he court will not search the record for factual evidence. Even if there is evidence in the record to support your position on summary judgment, if you do not propose a finding of fact with proper citation, the court will not consider that evidence when deciding the motion." Helpful Tips For Filing A Summary Judgment Motion, dkt. #13, at 13. Plaintiff's pro se status does not permit him to ignore the court's procedures about proposing additional facts. Accordingly, his motion for leave to file a sur-reply will be denied and facts in the record not accompanied by a proposed finding of fact will not be considered. E.g., Cichon v. Exelon Generation Co., 401 F.3d 803, 809-10 (7th Cir. 2005) (district court may require "strict compliance" with its summary judgment procedures).

Next, plaintiff contends in his brief in opposition to defendant's motion for summary judgment that he intends to call doctors and hospital staff as witnesses at trial and did not know that he has to name them as expert witnesses. However, the Preliminary Pretrial Conference Order, dkt. #13 at 4, states that plaintiff was required to name his expert witnesses by November 6, 2009. Specifically, the order states,

> Physicians, nurses and other similar care givers who will be offering evidence only about what they did, and who will not be offering new expert opinions, must be named as experts by the

4

> deadlines set forth above, but these types of witnesses do not
> have to prepare written reports for this lawsuit.

Plaintiff failed to follow these instructions.  Moreover, if he had any expert evidence he should have submitted it in opposition to defendant's motion for summary judgment.  He cannot avoid summary judgment with vague promises about the testimony he expects to offer at trial.  E.g., Eberts v. Godertad, 569 F.3d 757, 766 (7th Cir. 2009) ("[A] motion for summary judgment requires the responding party to come forward with the evidence that it has—it is the put up or shut up moment in a lawsuit." (Internal quotation omitted)).

From the parties' proposed findings, I find for the purpose of deciding defendant's motion for summary judgment that the following findings of fact are both material and undisputed

FACTS

At all times material to this action, plaintiff was an inmate at the Federal Correctional Institution in Oxford, Wisconsin.  On September 28, 2006, plaintiff experienced numbness and stiffening of his left arm and side when he woke up.  He went to the Health Services Unit, where  Dr. James Reed evaluated him.  Reed was aware from plaintiff's medical records that plaintiff had a history of high cholesterol, coronary artery disease and non-insulin dependent diabetes and that he was taking blood thinners.

5

From the examination, Reed determined that plaintiff was not experiencing a condition requiring immediate medical attention. such as a transient ischemic attack or an evolving stroke.  Reed reassured plaintiff that the most likely cause of his complaints was nerve entrapment caused by sleeping awkwardly on the affected side.  In Reed's professional opinion, no further treatment was necessary other than for plaintiff to continue taking his prescribed medications.

Several hours later, plaintiff returned to the Health Services Unit complaining of worsening symptoms.  Reed observed that plaintiff had left side weakness, a decrease in motor skills and seizure activity.  Reed decided that plaintiff should be transferred to an outside hospital for further evaluation and treatment.  Plaintiff's condition was ultimately diagnosed as a rare and unexpected condition, cortical vein thrombosis, that subsequently ruptured, causing a hemorrhage.

It is Reed's opinion to a reasonable degree of medical certainty that plaintiff received proper care in terms of the initial diagnosis and treatment.  Reed believes that even if plaintiff had been transferred immediately to an outside hospital at the time of his initial visit, his outcome and prognosis would have been no different.

Dr. D. Keith Ness, defendant's expert witness, reviewed plaintiff's health records and concluded that Reed's initial assessment and treatment of plaintiff on September 28, 2006 met the proper standard of care in all respects.  Dkt. #20.  In his opinion, plaintiff did not

display symptoms of hemorrhage during Reed's first examination and that the hemorrhage most likely occurred shortly before plaintiff's second visit to Reed.  Ness concluded that any delay in sending plaintiff to the hospital on September 28, 2006 did not affect the ultimate outcome or plaintiff's recovery.

OPINION

The Federal Tort Claims Act provides a remedy for any individual seeking recovery for damages caused by the negligence or wrongful act of an employee of the federal government.  28 U.S.C. §§ 2671-2680.  The coverage of the act extends to federal prisoners, who may sue for injuries caused by the negligence of prison employees.  United States v. Muniz, 374 U.S. 150, 151 (1963).  Under the Act, the United States may be held civilly liable for the torts of its employees "in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.

Because the Act incorporates the law of the state in which the tort was committed, 28 U.S.C. § 1346(b), plaintiff's claims are governed by Wisconsin law.  Thus, to prevail on his claim for negligence, plaintiff must show that Reed breached a duty owed to him and that the breach was a cause of his injuries.  Gil v. Reed, 381 F.3d 649, 658 (7th Cir. 2004) (Gil I) (citing Paul v. Skemp, 2001 WI 42, ¶17, 242 Wis. 2d 507, 520, 625 N.W.2d 860, 865 (2001)).  To defeat defendant's motion for summary judgment, plaintiff must show that

7

there is a general issue of material fact as to each of these elements.  Harney v. Speedway
SuperAmerica, LLOC, 526 F.3d 1099, 1103-04 (7th Cir. 2008); Fed. R. Civ. P. 56(c).  To
do this, he must adduce enough evidence to allow a reasonable jury to find in his favor.
Walker v. Sheahan, 526 F.3d 973, 977 (7th Cir. 2008).  When determining whether a
genuine issue of fact exists, the court must construe all facts in the light most favorable to
plaintiff and draw all reasonable and justifiable inferences in favor of plaintiff.  Anderson v.
Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Defendant contends that plaintiff's failure to present expert testimony on either
negligence or causation entitles him to summary judgment.  I agree.  Wisconsin law "requires
expert testimony to establish medical negligence except in situations where the errors were
of such a nature that a layperson could conclude from common experience that such
mistakes do not happen if the physician had exercised proper skill and care."  Gil I, 381 F.3d
at 659 (citing Christianson v. Downs, 90 Wis. 2d 332, 338, 279 N.W.2d 918, 921(1979)).
The Court of Appeals for the Seventh Circuit explained this standard as follows:

> Thus under Wisconsin law Gil must provide an expert opinion
> that he was harmed because of Penaflor's and Reed's negligence.
> Alternatively, he may show that an ordinary person could
> conclude from common experience that he could not have been
> injured had his medical providers exercised care.

Gil v. Reed, 535 F. 3d 551, 557-58 (7th Cir. 2008)("Gil II").  The court noted that
Wisconsin's rule differs little, if at all, from the equivalent federal rule.  Id. at 558 n.2

8

(noting that if difference existed between Wisconsin and federal expertise rule, it was "subtle"). In <u>Gil I</u>, 381 F.3d at 659, the court explained the types of cases in which expert testimony is not required:

> Wisconsin allows application of *res ipsa loquitur* as a substitute for expert testimony in extreme cases where the physician's negligence is obvious such as when a surgeon leaves a sponge or other foreign object inside a patient during surgery or removes the wrong organ or body part. <u>Richards v. Mendivil</u>, 200 Wis. 2d 665, 548 N.W.2d 85, 89 (Ct. App. 1996); <u>Christianson</u>, 270 N.W.2d at 921.

In <u>Gil I</u>, a doctor discontinued a specific prescription issued by another doctor, with actual knowledge that the inmate was experiencing surgical complications that required antibiotics and pain medications. <u>Id</u>. at 653 and 662. The court of appeals concluded that the facts were sufficient to allow a layperson to conclude that the defendants had been negligent in not responding adequately to a known risk and that plaintiff did not need to present expert testimony. <u>Id</u>. at 660-62.

In this case, defendant contends that plaintiff is required to provide an expert opinion that Reed was negligent because he cannot show that an ordinary person could conclude from common experience that plaintiff would not have been injured had Reed exercised care. I understand plaintiff to argue that the errors in his case were of such a nature that the exception to offering expert testimony applies. He states that his case is like the "sponge-type case" because a layperson would know that when plaintiff first went to the Health

9

Services Unit he required emergency medical attention and should have been sent to an outside hospital.  However, he is incorrect.  Plaintiff's condition was rare and not easily diagnosed and beyond the common experience of his treating doctors, let alone a layperson. In other words, a layperson could not have concluded that the symptoms plaintiff reported to Reed at his initial visit required immediate hospitalization.  Therefore, in this case plaintiff needed to present expert testimony that Reed was negligent in not sending him to an outside hospital when he first came to the Health Services Unit.  Because he has failed to do so, defendant's motion for summary judgment must be granted.


ORDER

IT IS ORDERED that

1.  Plaintiff Moses Meraz-Camacho's motion for leave to file a sur-reply brief, dkt. #27, is DENIED;

2.  Plaintiff's motion to appoint counsel, dkt. #29, is DENIED as moot;

3.  Defendant United States of America's motion for summary judgment, dkt. #17, is GRANTED; and

4.  The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 18th day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

11