IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MOSES MERAZ-CAMACHO,

                                                                                               ORDER

                    Plaintiff,

                                                                                            09-cv-13-bbc

     v.

UNITED STATES OF AMERICA,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action, plaintiff Moses Meraz-Camacho has brought a claim under the Federal Tort Claims Act, 29 U.S.C. §§ 2671-2680, contending that defendant United States of America breached its duty of care owed to him when Dr. James Reed acted negligently in treating him on September 28, 2006. On February 18, 2010, I granted defendant's motion for summary judgment, dkt. #30, and judgment was entered in favor of defendant on the same day. Dkt. #31. On March 9, 2010, the court received plaintiff's timely motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). Dkt. #32. I denied this motion on April 7, 2010.

      Now plaintiff has filed a notice of appeal. Because plaintiff has not paid the $455 fee for filing an appeal, I construe his notice as including a request for leave to proceed on appeal

1

in forma pauperis.

Plaintiff's request for leave to proceed in forma pauperis on appeal is governed by the 1996 Prison Litigation Reform Act. This means that this court must determine first whether plaintiff's request must be denied either because he has three strikes against him under 28 U.S.C. § 1915(g) or because the appeal is not taken in good faith. Plaintiff does not have three strikes against him, and I do not intend to certify that his appeal is not taken in good faith.

The only other hurdle to plaintiff's proceeding with his appeal in forma pauperis is the requirement that he make an initial partial payment of the filing fee that has been calculated from a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. 28 U.S.C. § 1915(a)(2). Plaintiff has not submitted the necessary trust fund account statement. Until he does so, I cannot determine whether he is indigent and, if he is, the amount of his initial partial payment.

ORDER

IT IS ORDERED that plaintiff may have until July 9, 2010, in which to submit a certified copy of his trust fund account statement for the six-month period from approximately December 21, 2009 to approximately June 21, 2010. If, by July 9, 2010, plaintiff fails to submit the required trust account statement or show cause for his failure to

do so, then I will deny his request for leave to proceed in forma pauperis on the ground that he has failed to show that he is entitled to indigent status on appeal.

Entered this 24th day of June, 2010.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

3